STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HEIDI JONES,

      Plaintiff,                            Case No. 19-001289-NI

v                                               Hon. Dana Margaret Hathaway

SAFECO INSURANCE COMPANY OF
AMERICA and CITIZENS INSURANCE COMPANY
OF AMERICA and CITIZENS INSURANCE
COMPANY OF THE MIDWEST, and BRETT
D. PARRY and RYDER TRUCK RENTAL INC.,

      Defendants.

| BILL FARHAT (P82100) | JOHN T. EADS, III (P43815) |
|---|---|
| Law Offices of Joumana Kayrouz PLLC | Wilson Elser Moskowitz Edelman & Dicker, LLP |
| Attorneys for Plaintiff | Attorneys for Defendants, Parry and Ryder Truck, only |
| 1000 Town Center, Ste. 800 | 17197 N. Laurel Park Drive, Ste. 201 |
| Southfield, MI 48075 | Livonia, MI  48152 |
| (248) 557-3645 | Telephone:  (313) 327-3100 / (313) 327-3101 (fax) |
| bfarhat@joumanakayrouz.com | John.Eads@wilsonelser.com |

## NOTICE OF REMOVAL

**NOW COME** Defendants, BRETT D. PARRY and GENERAL LOGISTICS wrongfully named as RYDER TRUCK RENTAL, INC., by and through their attorneys, JOHN T. EADS, III and WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, and hereby remove the action filed in the Circuit Court of Wayne County, Michigan pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332 to the United States District Court, Eastern District of Michigan, and in support thereof states as follows:

1

1. Removal is proper in this case based on diversity jurisdiction when (1) Defendant timely filed their Notice of Removal; (2) there is complete diversity of citizenship between the Plaintiff and the Defendants; and (3) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332, 1441

2. Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000.00. *See* 28 U.S.C. §§ 1332, 1441. See also *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E.D. Michigan, December 1990). Typically, the party seeking removal has the burden of establishing federal jurisdiction. *Id*. The Defendants meet this burden by supporting their allegations of jurisdiction by articulating facts supporting removal. *Id.* Where the state court complaint itself states damages in an amount sufficient to obtain federal diversity of citizenship jurisdiction, by way of removal, and the Defendants do in fact remove the case to federal court, it would make very good sense to require proof to a legal certainty that the plaintiff cannot recover damages equal to or greater than the jurisdictional amount. After all, it is the plaintiff who put the jurisdictional amount in controversy in the first instance, by asking for damages in that amount in his state court complaint. See *Garza*, 752 F.Supp. at 756 (E.D. Michigan December 1990). In this matter, Plaintiff's Complaint demands judgment against the Defendant in a sum in excess of $25,000.00. See attached a copy of Plaintiff's Complaint, marked as Exhibit A. See Paragraph 8 of Exhibit A.

3. A defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint or receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Green v. Clark Refining & Marketing Inc.*, 972 F.Supp. 423 (E.D. Michigan 1997). A defendant wishing to remove a case bears the

burden of satisfying the amount in controversy requirement. *Gafford v. General Electric Company*, 997 F.2d 150, 155 (USCA 6th Circuit 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (2006). Normally, "the sum claimed by the plaintiff controls," *Id.* at 156, but where plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement," then there are a number of different burdens of proof that the courts have implemented. The court in *Gafford* concluded that the best alternative of these different burdens is that the defendant satisfies its burden when it proves the amount in controversy "more likely than not" or by a "preponderance of the evidence" that the plaintiff's claim meets or exceeds the $75,000.00 amount in controversy requirement. *Gafford*, 997 F.2d at 158; *Everett*, 460 F.3d at 822.

4.  The court in *Garza* held that this "preponderance of the evidence" does not require that the defendant prove the amount in controversy "to a legal certainty". Nor need the defendant prove conclusively that to award the plaintiff less than the jurisdictional amount would be "outside the range of permissible awards". Rather, the defendant must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount. *Garza*, 752 F.Supp. 753, at 763 (1990). The court further held that although the burden of proof of establishing jurisdiction in removed cases rests with the defendant, the Supreme Court in *McNutt v. General Motors Acceptance Corp.*, 56 S.Ct. 780, made clear that the Court must make an independent inquiry in to the factual basis for its own jurisdiction, and this duty is codified in 28 U.S.C. § 1447(c). *Garza*, 752 F.Supp. 753, at 763 (1990)

5.  On January 25, 2019, the Plaintiff, HEIDI JONES, filed a Complaint in the Circuit Court, Wayne County, Michigan, Case No. 19-001289-NI, against BRETT D. PARRY, GENERAL LOGISTICS wrongfully named as RYDER TRUCK RENTAL INC., based upon a

negligence theory relating to a motor vehicle accident that occurred on May 30, 2017.  See Exhibit A.

6. The Defendants, BRETT D. PARRY, GENERAL LOGISTICS wrongfully named as RYDER TRUCK RENTAL INC., filed an Appearance on February 22, 2019.  A copy of the Appearance is attached as Exhibit B.

8. Defendant, GENERAL LOGISTICS is an Iowa Corporation with its principal place of business in Iowa and RYDER TRUCK RENTAL INC. is a Florida Corporation with its principal place of business in Florida.  See Michigan Secretary of State Corporation information and Certificates of Incorporation attached hereto and marked as Exhibit C.

9. Plaintiff is a citizen of Michigan.  See Exhibit A, Paragraph 2.

10. Defendant, RYDER TRUCK RENTAL INC., is an improperly named parties.

11. As referenced in paragraph No. 1, Plaintiff's alleged motor vehicle accident occurred on May 30, 2017.  See Exhibit A.

12. GENERAL LOGISTICS was incorporated in the State of Iowa at the time of the accident.  See attached Michigan Secretary of State Corporation Information and State of Iowa Department of Licensing and Regulatory Affairs Certification of the Incorporation of GENERAL LOGISTICS on May 30, 2017, attached hereto and marked as Exhibit D.

13. A separate Motion to Dismiss regarding RYDER TRUCK RENTAL, INC. will be filed with the United State District Court, Eastern District of Michigan immediately.

14. The named Defendant, BRETT D. PARRY, is a citizen of Illinois.  See Exhibit A paragraph 7.

15. Defendant Safeco is incorporated in the State of New Hampshire with its principal place of business in the State of Washington.

16. Defendant Citizens is incorporated in the State of Indiana with its principal place of business in the State of Massachusetts.

17. Plaintiff's Complaint in this case specifically alleges that:

As a direct and proximate result of negligence and/or gross negligence, Defendants, BRETT D. PARRY, GENERAL LOGISTICS wrongfully named as RYDER TRUCK RENTAL INC's, unknown truck driver's, negligence, Heidi suffered serious and permanent impairments of vital and important bodily functions and/or permanent and serious disfigurement and will continue to suffer damages indefinitely into the future, including but not limited to:

a. serious injuries to the back, neck and other parts of the body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed or aggravated any preexisting problem that might have existed;

b. pain, suffering and mental anguish;

c. wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums that are found to apply to the cause;

d. other damages, injuries, and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that the damages are recoverable under the Michigan No-Fault Insurance Act;

See Exhibit A, Paragraph 28.

18. Plaintiff's Complaint further demands judgment against the Defendants in a sum in excess of $25,000.00. See Exhibit A, paragraph 8.

19. Plaintiff's injuries, as described in Plaintiff's Complaint at Law, appear to be extensive. Plaintiff's most serious injuries including back, neck and other parts of the body as well as other related and appreciable difficulties. Plaintiff claims the injuries are permanent and that she suffers a serious impairment of bodily injury. Plaintiff further alleges suffering from: severe

5621068v.1

depression, severe anxiety, acute stress disorder and a disturbance in mental functioning. See Paragraph 28 of Exhibit A.

20. Thus, in this matter that Plaintiff's claims exceed the $75,000.00 amount in controversy requirement.

21. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the Plaintiff and the Defendants are citizens of different States, and the amount in controversy is in excess of $75,000.00. As such, the underlying State court action is one which may be removed to this Court by the Defendants pursuant to provisions of 28 U.S.C. §1441.

22. This Notice of Removal is timely in that it is filed within thirty (30) days from February 02, 2019, the date service on Defendants Parry and Ryder Truck.

23. A copy of this Notice for Removal will be promptly served upon the Plaintiff and filed with the Clerk of the Circuit Court of Wayne County, Michigan in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, BRETT D. PARRY, GENERAL LOGISTICS wrongfully named as RYDER TRUCK RENTAL INC., pray that this cause proceed in this Court as an action properly removed from the Circuit Court of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

By: */s/*
John T. Eads, III (P43815)
Attorneys for Defendants, Parry and Ryder Truck only
17197 N. Laurel Park Drive, Ste. 201
Livonia, MI 48152
Dated: February 22, 2019          (313) 327-3100

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by efiling and serve same to them at their respective addresses as disclosed by the pleadings herein, with postage fully prepaid thereon, on February 22, 2019.

By: */s/ Marcella Angelosanto*
    Marcella Angelosanto

5621068v.1